91 F.3d 167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PRINCE SPORTS GROUP, INC., Plaintiff/Counterdefendant/Cross-Appellant,
v.
WILSON SPORTING GOODS CO., Defendant/Counterclaimant-Appellant,
and
Jack L. Frolow, Counterclaimant-Appellant.
 Nos. 95-1203, 95-1204, 95-1221.
 United States Court of Appeals, Federal Circuit.
 April 26, 1996.
 
 Before RICH, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Wilson Sporting Goods Co. (Wilson) and Jack L. Frolow (Frolow) appeal from an Order and Judgment of the United States District Court for the District of New Jersey, No. 94-1726, entered 26 July 1994 and 20 January 1995, respectively, granting Prince Sports Group, Inc.'s (Prince's) cross-motion for partial summary judgment of noninfringement of Wilson's U.S. Patents Re. 31,419 ('419) and Re. 33,372 ('372)[1] and dismissing Wilson's and Frolow's counterclaim motion for preliminary injunctive relief. Prince cross-appeals the district court's dismissal of its request for declaratory judgment that the '419 and '372 patents are invalid as moot. We vacate and remand.
 
 DISCUSSION
 
 2
 Reissue patent '419 describes a racquet with the same swing weight as prior art racquets having a significant reduction in the weight and a significant increase in the distance of the center of percussion and in the distance of the center of gravity from the end of the handle. Reissue patent '372 describes a tennis racquet with an unconventional weight and stiffness distribution, which provides for the same swing weight as prior art racquets, a large distance of the center of percussion from the handle end, and a weight means in the grip portion of the racquet for reducing the shock and vibration.
 
 
 3
 The history of this case is much like its underlying subject matter--a serve and volley. The baseline for this action is a sublicense agreement that resulted from a settlement agreement whereby Prince was to pay Wilson royalties as its sublicensee under the Frolow patents. The initial dispute arose over the payment of royalties under the sublicense. Prince initiated the current action by filing a complaint seeking a declaratory judgment that it had not breached the sublicense and that the claims at issue of Frolow's patents were invalid.[2] Wilson and Frolow then counterclaimed on the sublicense issues and filed a motion for a preliminary injunction based on infringement by Prince.[3] In response, Prince filed a motion for partial summary judgment dismissing the counterclaims, thereby effectively seeking a declaration of noninfringement.
 
 
 4
 In reviewing a district court's grant of summary judgment, we review de novo the district court's conclusion that there was no genuine issue of material fact and that the moving party was entitled to a judgment as a matter of law. Avia Group Int'l., Inc. v. L.A. Gear California, Inc., 858 F.2d 1557, 1561, 7 USPQ2d 1548, 1550 (Fed.Cir.1988).
 
 
 5
 On appeal, Wilson and Frolow argue that, by neither interpreting the claims nor thereafter applying the interpreted claims to the accused racquet, the district court erred as a matter of law. We agree. It is well settled that "[t]he determination of infringement is a two-step process. First, the language of the claim must be interpreted. Second, the accused device must be compared to the claim language as interpreted." Read Corp. v. Portec, Inc., 970 F.2d 816, 821, 23 USPQ2d 1426, 1431 (Fed.Cir.1992). "[T]he court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim. Because claim construction is a matter of law, the construction given the claims is reviewed de novo on appeal." Markman v. Westview Inst., Inc., 52 F.3d 967, 979, 34 USPQ2d 1321, 1329 (Fed.Cir.1995) (in banc) (citations omitted), cert. granted, 116 S.Ct. 40 (1995). Second, the claim language as interpreted must match the accused device. This second step is a question of fact. Fromson v. Advance Offset Plate, Inc., 720 F.2d 1565, 1569, 219 USPQ2d 1137, 1140 (Fed.Cir.1983).
 
 
 6
 In order to review the court's finding of noninfringement, we must know what meaning and scope the district court gave to the asserted claims. Graco Inc. v. Binks Mfg. Co., 60 F.3d 785, 791, 35 USPQ2d 1255, 1259 (Fed.Cir.1995). From the district court's Memorandum Opinion, there is no basis for concluding that the district court performed either of the two steps required before it granted summary judgment of noninfringement as a matter of law. Not only is there no indication of claim interpretation or infringement analysis by the district court, but also there is neither reference to a single claim nor discussion of any claim language. Instead, the district court relied on a chart proffered by Prince titled "Comparison of Construction Techniques of the Frolow '419 patent and Prince Racquet." This chart adds in limitations that do not appear in the claims, and, moreover, no basis for their inclusion can be gleaned from the opinion. Additionally, the district court refers only to the '419 patent and makes no reference to the '372 patent or any of its claims that are in issue.
 
 
 7
 As in Graco, a case on all fours with the situation here, "the entire omission of a claim interpretation analysis from the opinion, and the conclusory factual findings on infringement, each provide an independent basis for remand." Id. at 791, 35 USPQ2d at 1260. The district court therefore erred in two respects which preclude a proper grant of summary judgment.
 
 
 8
 Regarding Prince's cross-motion, this court does not review issues that have not been addressed by the district court in the first instance.
 
 
 9
 Accordingly, we vacate the district court's grant of Prince's motion for partial summary judgment of noninfringement and the district court's dismissal, as moot, of Prince's claim for a declaratory judgment that the '419 and '372 patents are invalid, and remand for proper determination consistent with this opinion.
 
 
 
 [1]
 Both patents were issued to Frolow who granted Wilson exclusive licenses. As the result of a settlement agreement, Wilson granted Prince Sports sublicenses under both patents
 
 
 [2]
 By stipulation of the parties, claims three and four of the initial complaint were dismissed
 
 
 [3]
 Wilson and Frolow asserted that eleven Prince racquets infringe claims 20, 21, 50-53, 56, and 57 of the '372 patent and claims 1-3, 5, 6, 12, 18-20, 23, 24, 26-28, 34, 41, 51, 54, 55, 59, 61, 92-95, and 103 of the '419 patent